# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-268 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Bissoon |
| JOSEPH DAVID HOROWITZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff, Victor Jackson ("Jackson" or "Plaintiff"), is in the Allegheny County Jail awaiting trial on criminal charges. He alleges that Defendant, an attorney, accepted $1,000 from him as a retainer, but has failed to provide legal representation. Jackson asserts that he has been denied his rights under the Sixth and Fourteenth Amendments. Plaintiff seeks leave to proceed *in forma pauperis*.

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the familiar standard from Federal Rule of Civil Procedure 12(b)(6) is relevant. Dismissal is appropriate under Rule 12(b)(6) if no relief could be granted under any set of facts that could prove consistent with the allegations in the Amended Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). As the United States Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

Jackson's claim is one premised upon the Civil Rights Act, 42 U.S.C. §1983, as he is alleging that his constitutional rights were violated. However, a Section 1983 claim against an attorney necessarily fails because counsel is not a state actor. Counsel, whether court appointed or privately retained, does not act under color of law when representing clients in a legal capacity. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding public defender not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir.1972) (privately-retained counsel not acting under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney not acting under color of state law). Thus, the instant complaint must be dismissed as a matter of clearly established law.

# III     CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 26, 2009.


March 9, 2009                           s/Cathy Bissoon
                                        Cathy Bissoon
                                        United States Magistrate Judge


cc:
VICTOR JACKSON
55627
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219